January 6, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                                    Opinion No. 0-34

        This office is in receipt of your letter of January 4,
1939, wherein you advise that upon making a transcript in case
of change of venue, the clerk of a certain county included in
the transcript a copy of the statement of facts. You request
an opinion as to whether such clerk is entitled to the fee
authorized in Article 1026, Code of Criminal Procedure, for
the copy of the statement of facts so included in the transcript.

        For a proper understanding of Article 570, Code of Crim-
inal Procedure, it is necessary to read the whole act, including
the caption, the body and the emergency clause, and the same may
be found in the Acts of the 41st Legislature, 2nd Called Session,
p. 10, Ch. 8, as follows:

            "An Act providing that when a change of venue has
            been granted in any Criminal cause, the Clerk shall
            send all of the original papers in said cause, to-
            gether with a certified copy of the Court's order
            directing such change of venue, and a certified copy
            of the recognizance by the defendant, if any, to
            the Clerk of the Court to which said cause was so
            transferred; amending Article 570 of the Code of
            Criminal Procedure of Texas as revised in 1925; and
            declaring an emergency.

            "Be it enacted by the Legislature of the State of Texas:

"Section 1. That Article 570 of the Code of
Criminal Procedure of the State of Texas as revised
in 1925 be and the same shall be amended so as to
hereafter read as follows:

"'Article 570. Where an order for a change of venue
of any Court in any Criminal cause in this State has
been made the Clerk of the Court where the prosecu-
tion is pending shall make out a certified copy of
the Court's order directing such change of venue,
together with a certified copy of the defendant's
recognizance, if any, together with all the original
papers in said cause and also a certificate of the
said Clerk under his official seal that such papers
are the papers; and all the papers on file in said
Court in said cause; and he shall transmit the same
to the Clerk of the Court to which the venue has been
changed.'

"Sec. 2. The fact that under the present law it is
necessary to make copies of all original papers in
a cause transferred on change of venue, thus causing
a great deal of labor with no good result therefrom,
constitute an emergency and a public necessity that
the Constitutional Rule requiring the reading of
a bill on three separate days in the House be suspended,
and that this Act take effect immediately upon its
passage, and it is so enacted."

It must be admitted that the intention of the Legislature
is difficult to ascertain from a reading of the body of the
statute. The same in one view might be susceptible of the con-
struction that same would require the clerk to prepare a certified
copy not only of the order changing the venue and the defendant's
recognizance, but also of every paper filed in the case. Such a
strained construction, however, under Article 841, Code of Criminal
Procedure, would even require the clerk to include in his transcript
a certified copy of the duplicate transcript which had been filed
with him in the appeal, as well as the statement of facts, which
would be utterly useless and without reason.

To say the least, the language contained in the body of
said Article 570 does not so plainly and unequivocally require

Hon. Geo. H. Sheppard, January 6, 1939, Page 3

the inclusion of all such papers and documents in the transcript so prepared by the clerk as to preclude inquiry into the legislative purpose.

From a reading of the caption and the emergency clause, it seems quite clear that it was the intention of the Legislature to provide that the clerk should only be required to prepare a certified copy of the order changing venue and of the defendant's recognizance and a certificate showing all papers in the case, and to forward such certified copies and certificate, along with all the original papers in the case, to the clerk of the court to which the venue had been changed.

In the case of Popham v. Patterson, 51 S. W. 680, the Supreme Court stated:

"In construing statutes it is the duty of the court to ascertain the legislative intent, and, when such intent is once arrived at, it should be given effect; in fact, such intent is the law. In determining the legislative intent, the court should not look alone to any one phrase, clause, or sentence of the act, but to the entire act; and this includes the caption, the body of the act, and the emergency clause. In this connection we hold that, even when the emergency clause cannot be given effect as such, still its provisions may be looked to if they aid the court in ascertaining the legislative intent."

As further said by Chief Justice McClendon, in the case of Ferguson v. Johnson, 57 S. W. (2d) 373, (Error dismissed),:

"Where literal, grammatical, or dictionary interpretation of statutory language would defeat or substantially impair effectuation of legislative objective, wording of statute will not be given controlling effect."

Moorman v. Terrell, 202 S. W. 727; 39 Tex. Jur. 170 and 179.

You are, therefore, advised that it was unnecessary for the statement of facts to be included in the transcript and the clerk is not entitled to the fee inquired about.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Assistant

GRL-N

APPROVED:

*Gerald Mann* mph

ATTORNEY GENERAL OF TEXAS